**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ALEX CICCOTELLI,<br><br>Plaintiff,<br><br>v.<br><br>IEC ELECTRONICS CORP., KEITH M. BUTLER, CHARLES P. HADEED, ANDREW M. LAURENCE, JEREMY R. NOWAK, JEFFREY T. SCHLARBAUM, CREATION TECHNOLOGIES INC., CREATION TECHNOLOGIES INTERNATIONAL INC., and CTI ACQUISITION CORP.,<br><br>Defendants. | ) | Case No. ______________<br><br>JURY TRIAL DEMANDED |

**<u>COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934</u>**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**<u>NATURE OF THE ACTION</u>**

1. This action stems from a proposed transaction announced on August 12, 2021 (the "Proposed Transaction"), pursuant to which IEC Electronics Corp. ("IEC" or the "Company") will be acquired by Creation Technologies International Inc. ("Parent"), Creation Technologies Inc. (the "Guarantor"), and CTI Acquisition Corp. ("Purchaser").

2. On August 12, 2021, IEC's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Parent, Guarantor, and Purchaser. Pursuant to the terms of the Merger Agreement, Purchaser commenced a tender offer (the "Tender Offer") to purchase all of IEC's

outstanding common stock for $15.35 in cash per share. The Tender Offer is set to expire on September 23, 2021.

3. On August 26, 2021, defendants filed a Solicitation/Recommendation Statement (the "Solicitation Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Solicitation Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391 because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of IEC common stock.

9. Defendant IEC is a Delaware corporation and maintains its principal executive offices at 105 Norton Street, Newark, NY 14513. IEC's common stock trades on the NASDAQ

under the ticker symbol "IEC."

10. Defendant Keith M. Butler is a director of the Company.

11. Defendant Charles P. Hadeed is Chairman of the Board of the Company.

12. Defendant Andrew M. Laurence is a director of the Company.

13. Defendant Jeremy R. Nowak is a director of the Company.

14. Defendant Jeffrey T. Schlarbaum is President, Chief Executive Officer, and a director of the Company.

15. The defendants identified in paragraphs 10 through 14 are collectively referred to herein as the "Individual Defendants."

16. Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

17. Defendant Guarantor is a Delaware corporation and a party to the Merger Agreement.

18. Defendant Purchaser is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

***Background of the Company and the Proposed Transaction***

19. IEC is a provider of electronic manufacturing services ("EMS") to advanced technology companies that produce life-saving and mission critical products for the medical, industrial, and aerospace and defense sectors.

20. The Company specializes in delivering technical solutions for the custom manufacture of complex full system assemblies by providing on-site analytical testing laboratories, custom design, and test engineering services combined with a broad array of manufacturing services encompassing electronics, interconnect solutions, and precision metalworking.

21. On August 12, 2021, IEC's Board caused the Company to enter into the Merger Agreement.

22. Pursuant to the terms of the Merger Agreement, Purchaser commenced the Tender Offer to acquire all of IEC's outstanding common stock for $15.35 in cash per share.

23. According to the press release announcing the Proposed Transaction:

> IEC Electronics Corp. (NASDAQ: IEC) ("IEC") and Creation Technologies Inc. ("Creation") today jointly announced the signing of a definitive merger agreement under which Creation will acquire all outstanding shares of IEC for $15.35 per share in cash, representing a fully diluted equity value of approximately $173.8 million and an aggregate enterprise value of $242.3 million, based upon net debt of $68.6 million. The transaction has been unanimously approved by the Boards of Directors of both companies. . . .
>
> **Transaction Details**
>
> Under the terms of the merger agreement, Creation will commence a tender offer to acquire all of the outstanding common stock of IEC for $15.35 per share in cash. The purchase price represents a premium of approximately 47% to IEC's closing share price on August 11, 2021, the last full trading day before today's announcement. The tender offer is subject to customary closing conditions, including the tender of at least two-thirds of the total number of IEC's outstanding shares and the expiration of the applicable waiting period under the Hart-Scott-Rodino Antitrust Improvements Act of 1976. Following the closing of the tender offer, a wholly-owned subsidiary of Creation will merge with and into IEC, with each share of IEC common stock that has not been tendered being converted into the right to receive the same $15.35 per share in cash offered in the tender offer. The transaction will be financed through a committed debt financing package provided by JPMorgan Chase Bank and Citizens Bank. The transaction is expected to close by early October 2021. . . .
>
> Upon completion of the transaction, IEC will become a privately-held company and shares of IEC's common stock will no longer be listed on any public market.
>
> **Advisors**
>
> B. Riley Securities, Inc. is serving as exclusive financial advisor to IEC and Harter Secrest & Emery LLP is serving as legal counsel to IEC. Moelis & Company LLC is serving as exclusive financial advisor to Creation and Choate, Hall & Stewart LLP is serving as legal counsel to Creation.

***The Solicitation Statement Omits Material Information, Rendering It False and Misleading***

24. Defendants filed the Solicitation Statement with the SEC in connection with the Proposed Transaction.

25. As set forth below, the Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading.

26. First, the Solicitation Statement omits material information regarding the Company's financial projections.

27. The Solicitation Statement fails to disclose: (i) all line items used to calculate the projections; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

28. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

29. Second, the Solicitation Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, B. Riley Securities, Inc. ("B. Riley").

30. With respect to B. Riley's Discounted Cash Flow Analysis, the Solicitation Statement fails to disclose: (i) the terminal values; (ii) B. Riley's basis for applying the range of terminal value multiples; and (iii) the individual inputs and assumptions underlying the discount rates.

31. With respect to B. Riley's Premiums-Paid Analysis, the Solicitation Statement fails to disclose: (i) the transactions observed in the analysis; and (ii) the premiums paid in the transactions.

32. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

33. Third, the Solicitation Statement fails to disclose whether B. Riley has performed past services for any parties to the Merger Agreement or their affiliates, and if so, the timing and nature of such services and the amount of compensation received by B. Riley for providing such services.

34. The omission of the above-referenced material information renders the Solicitation Statement false and misleading.

35. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## <u>COUNT I</u>

**(Claim for Violation of Section 14(e) of the 1934 Act Against Defendants)**

36. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

37. Section 14(e) of the 1934 Act states, in relevant part, that:

> It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

38. Defendants disseminated the misleading Solicitation Statement, which contained statements that, in violation of Section 14(e) of the 1934 Act, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not misleading.

39. The Solicitation Statement was prepared, reviewed, and/or disseminated by defendants.

40. The Solicitation Statement misrepresented and/or omitted material facts in connection with the Proposed Transaction as set forth above.

41. By virtue of their positions within the Company and/or roles in the process and the preparation of the Solicitation Statement, defendants were aware of this information and their duty to disclose this information in the Solicitation Statement.

42. The omissions in the Solicitation Statement are material in that a reasonable shareholder will consider them important in deciding whether to tender their shares in connection with the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available.

43. Defendants knowingly or with deliberate recklessness omitted the material information identified above in the Solicitation Statement, causing statements therein to be materially incomplete and misleading.

44. By reason of the foregoing, defendants violated Section 14(e) of the 1934 Act.

45. Because of the false and misleading statements in the Solicitation Statement, plaintiff is threatened with irreparable harm.

46. Plaintiff has no adequate remedy at law.

## **COUNT II**

### **(Claim for Violation of 14(d) of the 1934 Act Against Defendants)**

47. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

48. Section 14(d)(4) of the 1934 Act states:

> Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

49. Rule 14d-9(d) states, in relevant part:

> Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

50. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Solicitation Statement false and/or misleading.

51. Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and misleading.

52. The omissions in the Solicitation Statement are material to plaintiff, and he will be deprived of his entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

53. Plaintiff has no adequate remedy at law.

**COUNT III**

**(Claim for Violation of Section 20(a) of the 1934 Act Against the Individual Defendants, Parent, Guarantor, and Purchaser)**

54. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

55. The Individual Defendants, Parent, Guarantor, and Purchaser acted as controlling persons of IEC within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as directors of IEC and participation in and/or awareness of the Company's

operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

56. Each of the Individual Defendants, Parent, Guarantor, and Purchaser was provided with or had unlimited access to copies of the Solicitation Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

57. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Solicitation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly connected with and involved in the making of the Solicitation Statement.

58. Parent. Guarantor and Purchaser also had direct supervisory control over the composition of the Solicitation Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Solicitation Statement.

59. By virtue of the foregoing, the Individual Defendants, Parent, Guarantor, and Purchaser violated Section 20(a) of the 1934 Act.

60. As set forth above, the Individual Defendants, Parent, Guarantor, and Purchaser had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By

virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.

61. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

62. Plaintiff has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment and relief as follows:

A. Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to file a Solicitation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

Dated: August 31, 2021

**RIGRODSKY LAW, P.A.**

By: */s/ Gina M. Serra*

Seth D. Rigrodsky (#3147)
Gina M. Serra (#5387)
Herbert W. Mondros (#3308)
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: sdr@rl-legal.com
Email: gms@rl-legal.com
Email: hwm@rl-legal.com

*Attorneys for Plaintiff*